996 F.2d 312
 NOTICE: Although citation of unpublished opinions remains unfavored, unpublished opinions may now be cited if the opinion has persuasive value on a material issue, and a copy is attached to the citing document or, if cited in oral argument, copies are furnished to the Court and all parties. See General Order of November 29, 1993, suspending 10th Cir. Rule 36.3 until December 31, 1995, or further order.
 UNITED STATES of America, Plaintiff-Appellee,
v.
Kevin Ray KIDWELL, Defendant-Appellant.
 No. 92-3161.
 United States Court of Appeals, Tenth Circuit.
 June 2, 1993.
 
 Before BRORBY and KELLY, Circuit Judges, and BRIMMER,* District Judge.
 ORDER AND JUDGMENT**
 BRORBY, Circuit Judge.
 
 
 1
 Kevin Ray Kidwell pleaded guilty to possession with intent to distribute 286 pounds of marijuana in violation of 21 U.S.C. § 841(a)(1) and 18 U.S.C. § 2. The district court sentenced Mr. Kidwell to the statutory minimum of sixty months imprisonment. 21 U.S.C. § 841(b)(1)(B). Upon sentencing, the district court found Mr. Kidwell was a minor participant in the offense. Mr. Kidwell contends the district court erred by considering a statement he made to an undercover agent and by finding he was a minor rather than a minimal participant. A classification as a minimal participant would entitle Mr. Kidwell to a four level reduction in offense levels whereas, as a minor participant he only receives a two level reduction. He believes the contested finding may have significant "collateral consequences" should his supervised release be revoked.[1] The Government contends the appeal is moot because Mr. Kidwell should have received the mandatory minimum sentence of sixty months as either a minor or minimal participant. Further, appellant contends the prosecution violated the plea agreement by not more strenuously arguing for the minimal participant classification at sentencing and by filing the motion to dismiss appellant's appeal.
 
 
 2
 I. MOOTNESS.
 
 
 3
 The disposition of this case on its merits is clear; therefore we choose not to address the mootness question. Pickus v. United States Bd. of Parole, 543 F.2d 240, 242 (D.C.Cir.1976). Because the substantive law is easily applied, as a practical matter we find it unnecessary to reach the mootness question. See generally Wright, Miller & Cooper, Federal Practice and Procedure: Jurisdiction 2d § 3533.1 (1984).
 
 
 4
 II. MERITS.
 
 
 5
 We review the district court's findings of fact under the clearly erroneous standard. United States v. Coleman, 947 F.2d 1424, 1427 (10th Cir.1991), cert. denied, 112 S.Ct. 1590 (1992). The district court found Mr. Kidwell's participation in the marijuana offense consisted of weighing marijuana during the illegal transaction. The district court also found that Mr. Kidwell made an incriminating comment at the time of the illegal transaction that he and a codefendant left home every morning to give the impression that they were lawfully employed. Based on these findings the district court concluded: "[Mr.] Kidwell knew that a drug transaction was occurring ... and that he assisted in it by weighing the marijuana." The court further concluded: "Mr. Kidwell made statements to the undercover officer that reflected substantial involvement with [a codefendant] in selling marijuana ... [and] that the statement of Mr. Kidwell and his involvement in the offense reflect that he had knowledge concerning the scope of the offense." The district court also determined that Mr. Kidwell's statement indicated he had "knowledge of the scope of the transaction and awareness of the activities of others involved in the offense," and that it suggested "Mr. Kidwell's participation in the instant offense was not a one-time incident." These findings are supported by the record and are not clearly erroneous.
 
 
 6
 The district court found Mr. Kidwell was a minor participant in the offense. We review application of the United States Sentencing Guidelines de novo. United States v. Voss, 956 F.2d 1007, 1009 (10th Cir.1992). Whether a defendant is a minor or minimal participant, however, is a fact question subject to clearly erroneous review. United States v. Maldonado-Campos, 920 F.2d 714, 717 (10th Cir.1990). Mr. Kidwell "has the burden of proof and must show his entitlement to a downward adjustment by a preponderance of the evidence." Id. A "minor participant" is one who is less culpable than most other participants, but whose role could not be described as minimal. U.S.S.G. § 3B1.2, comment. (n. 3) (Nov. 1, 1991). On the other hand, a defendant is a minimal participant if the defendant is among the least culpable of those involved in the conduct of a group. A defendant's "lack of knowledge or understanding of the scope and structure of the enterprise and of the activities of others is indicative of a role as minimal participant." U.S.S.G. § 3B1.2 comment. (n. 1) (Nov. 1, 1991).
 
 
 7
 A defendant's role in the offense is determined "on the basis of all conduct within the scope of [U.S.S.G.] § 1B1.3 (Relevant Conduct), i.e., all conduct included under [U.S.S.G.] § 1B1.3(a)(1)-(4), and not solely on the basis of elements and acts cited in the count of conviction." U.S.S.G. Ch. 3, Pt. B, intro. comment. (Nov. 1, 1991). This circuit has interpreted U.S.S.G. § 3B1.2 to require the sentencing court to consider all relevant conduct in determining whether a defendant is entitled to a downward adjustment for a mitigating role in the offense. United States v. Saucedo, 950 F.2d 1508, 1512 (10th Cir.1991). "[I]n deciding whether a defendant played a minimal or minor role in accomplishing the harm involved in a drug offense, a sentencing court properly considers his role in all distributions which are part of the same pattern or conduct." United States v. Riles, 928 F.2d 339, 343 (10th Cir.1991). The relevant conduct rules include in pertinent part:
 
 
 8
 (1) all acts and omission committed or aided and abetted by the defendant, or for which the defendant would be otherwise accountable, that occurred during the commission of the offense of conviction, in preparation for that offense, or in the course of attempting to avoid detection or responsibility for that offense, or that otherwise were in furtherance of that offense.
 
 
 9
 U.S.S.G. § 1B1.3(a) (Nov. 1, 1991).
 
 
 10
 Applying these rules, the district court was correct to consider Mr. Kidwell's statement that he and a codefendant feigned legitimate employment. The statement could properly be considered as occurring as part of the offense of conviction and as a relevant fact going to the extent of Mr. Kidwell's knowledge of the offense. The statement could also properly be considered as other relevant conduct that was in furtherance of the offense of conviction or as a part of the same course of conduct or common scheme or plan. In either case, the district court properly considered the statement. The district court's finding that Mr. Kidwell was a minor participant was not an improper application of the Sentencing Guidelines.
 
 
 11
 The only remaining issue is whether the Government breached its plea agreement. The Government recommended to the district court that Mr. Kidwell was a minimal participant and thereby complied with its obligation under the agreement. The plea agreement did not constrain the Government's right to contest the appeal.
 
 
 12
 The decision is AFFIRMED.
 
 
 
 *
 The Honorable Clarence A. Brimmer, United States District Judge for the District of Wyoming, sitting by designation
 
 
 **
 This order and judgment has no precedential value and shall not be cited, or used by any court within the Tenth Circuit, except for purposes of establishing the doctrines of the law of the case, res judicata, or collateral estoppel. 10th Cir.R. 36.3
 
 
 [1]
 Mr. Kidwell asserts other collateral consequences relating to the potential repeal of mandatory minimum sentences. Since we apply the law as it presently exists such consequences are purely speculative and have no bearing on this appeal